IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | | |
|---|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>vs.<br><br>AKEA KAMAI NINO,<br><br>Defendant. | ) | CR. NO. 19-00020 SOM<br><br>ORDER DENYING DEFENDANT'S MOTION FOR COMPASSIONATE RELEASE |

**ORDER DENYING DEFENDANT'S MOTION FOR COMPASSIONATE RELEASE**

**I. INTRODUCTION.**

In 2019, Defendant Akea Kamai Nino was convicted of a drug crime and of being a felon in possession of ammunition. He is serving a 92-month sentence at FCI Sheridan and has a scheduled release date of August 14, 2025. Nino seeks compassionate release under 18 U.S.C. § 3582(c)(1)(A), relying primarily on the COVID-19 pandemic and arguing that his health conditions increase his risk of a severe case of COVID-19. Because Nino fails to demonstrate an extraordinary and compelling reason warranting a sentence reduction, his motion is denied.

**II. BACKGROUND.**

On March 27, 2019, Nino entered a guilty plea to a drug charge and to one count of being a felon in possession of ammunition. *See* ECF No. 22. On July 24, 2019, Nino was sentenced to concurrent terms of 92 months of imprisonment on

each count, concurrent terms of 5 years of supervised release with respect to the drug crime and 3 years of supervised release with respect to the ammunition charge, and $200 in special assessments. *See* ECF No. 32. Nino is 31. Now at FCI Sheridan, he has a scheduled release date of August 14, 2025, taking good-time credit into account. https://www.bop.gov/inmateloc/ (input Register Number 98322-022) (last visited February 1, 2021).

FCI Sheridan, a medium-security federal correctional institution located in Sheridan, Oregon, houses 1,442 inmates. *See* ECF https://www.bop.gov/locations/institutions/she/ (last visited February 1, 2021). As of the morning of February 1, 2021, FCI Sheridan has 7 active inmate cases of COVID-19 and 13 active staff cases of COVID-19, with 53 inmates and 1 staff member at FCI Sheridan having recovered from COVID-19. *See* https://www.bop.gov/coronavirus/index.jsp (last visited February 1, 2021).

The medical information submitted to the court under seal corroborates Nino's contention in the memorandum supporting his motion that he is an obese smoker who has asthma and may have hypertension. *See* ECF No. 72, PageID #s 440 (noting height, weight, and elevated blood pressure), 441 (stating that Nino is asthmatic), 462 (detailing cigarette use), 502 (noting a prescription for a rescue inhaler), 528 (noting regular systolic

blood pressure and slightly elevated diastolic blood pressure); 531 (noting elevated blood pressure and history of asthma).

**III. ANALYSIS.**

Nino's compassionate release request is governed by 18 U.S.C. § 3582(c)(1)(A), which provides:

> [T]he court . . . upon motion of the defendant after the defendant has fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier, may reduce the term of imprisonment (and may impose a term of probation or supervised release with or without conditions that does not exceed the unserved portion of the original term of imprisonment), after considering the factors set forth in section 3553(a) to the extent that they are applicable, if it finds that--
>
> (i) extraordinary and compelling reasons warrant such a reduction . . . .
>
> and that such a reduction is consistent with applicable policy statements issued by the Sentencing Commission.

In other words, for the court to exercise its authority under § 3582(c)(1)(A), it must (1) find that the defendant exhausted his administrative remedies or that 30 days have passed since he filed an administrative compassionate relief request; (2) also find, after considering the factors set forth in section 3553(a), that extraordinary and compelling reasons warrant a sentence reduction; and (3) find that such a reduction is consistent with

the Sentencing Commission's policy statements. *United States v. Scher*, 2020 WL 3086234, at *2 (D. Haw. June 10, 2020).

**A. Nino Has Satisfied the Time-lapse Requirement of 18 U.S.C. § 3582(c)(1)(A).**

Nino says he sent a compassionate release request to his warden on July 19, 2020. *See* ECF No. 68-1, PageID # 252. The Government does not challenge that statement and concedes that the prison exhaustion requirement has been satisfied. *See* ECF No. 75, PageID # 572.

**B. This Court Has Discretion in Determining Whether Extraordinary and Compelling Reasons Justify a Reduced Sentence.**

This court turns to § 3582(c)(1)(A)'s second requirement: whether extraordinary and compelling reasons warrant a sentence reduction. In orders addressing compassionate release motions in other cases, this court has expressly recognized that it possesses considerable discretion in determining whether a particular defendant has established the existence of extraordinary and compelling reasons that justify early release. This court has also stated that, in reading § 3582(c)(1)(A) as providing for considerable judicial discretion, the court is well aware of the absence of an amended policy statement from the Sentencing Commission reflecting the discretion given to courts when Congress amended the statute to allow inmates themselves to file compassionate release motions. *See United States v. Apao*,

2020 WL 6700133 (D. Haw. Nov. 13, 2020); *United States v. Mau*, 2020 WL 6153581 (D. Haw. Oct. 20, 2020); *United States v. Scher*, 2020 WL 3086234, at *2 (D. Haw. June 10, 2020); *United States v. Cisneros*, 2020 WL 3065103, at *2 (D. Haw. Jun. 9, 2020); *United States v. Kamaka*, 2020 WL 2820139, at *3 (D. Haw. May 29, 2020).

Specifically, this court has recognized that an Application Note to a relevant sentencing guideline is outdated. This court continues to view its discretion as not limited by Sentencing Commission pronouncements that are now at odds with the congressional intent behind recent statutory amendments. *See Mau*, 2020 WL 6153581; *see also United States v. Brooker*, 976 F.3d 228, 235-36 (2d Cir. 2020) ("[W]e read the Guideline as surviving, but now applying only to those motions that the BOP has made."); *cf. United States v. Ruffin*, 978 F.3d 1000, 1007-8 (6th Cir. 2020) (noting that some courts have held that the Application Note is not "applicable," but not deciding the issue).

**C. Nino Has Not Demonstrated That Early Release Is Appropriate.**

Nino contends that extraordinary and compelling circumstances justify his early release. He cites medical conditions as increasing his risk of suffering a severe case of the COVID-19 virus, which is present at FCI Sheridan.

According to the CDC, a person's risk of a severe illness (one that may require hospitalization, intensive care, or a ventalator, or may result in death) from COVID-19 increases with age. The CDC website explains that "people in their 50s are at higher risk for severe illness than people in their 40s. Similarly, people in their 60s or 70s are, in general, at higher risk for severe illness than people in their 50s. The greatest risk for severe illness from COVID-19 is among those aged 85 or older." https://www.cdc.gov/coronavirus/2019-ncov/need-extra-precautions/older-adults.html (last visited February 1, 2021). Nino is 31.

The CDC currently lists the following conditions for people of any age as creating an increased risk of a severe illness from COVID-19:

*Cancer

*Chronic kidney disease

*COPD (chronic obstructive pulmonary disease)

*Down Syndrome

*heart conditions, such as heart failure, coronary artery disease, or cardiomyopathies

*Immunocompromised state (weakened immune system) from solid organ transplant

*Obesity (body mass index [BMI] of 30 kg/m2 or higher but < 40 kg/m2)

*Severe Obesity (BMI ≥ 40 kg/m2)

*Pregnancy

*Sickle cell disease

*Smoking

*Type 2 diabetes mellitus

https://www.cdc.gov/coronavirus/2019-ncov/need-extra-precautions/people-with-medical-conditions.html?CDC_AA_refVal=https%3A%2F%2Fwww.cdc.gov%2Fcoronavirus%2F2019-ncov%2Fneed-extra-precautions%2Fgroups-at-higher-risk.html (last visited February 1, 2021).

The CDC also lists the following as possibly increasing the risk of a severe illness from COVID-19:

*Asthma (moderate-to-severe)

*Cerebrovascular disease (affects blood vessels and blood supply to the brain)

*Cystic fibrosis

*Hypertension or high blood pressure

*Immunocompromised state (weakened immune system) from blood or bone marrow transplant, immune deficiencies, HIV, use of corticosteroids, or use of other immune weakening medicines

*Neurologic conditions, such as dementia

*Liver disease

*Overweight (BMI > 25 kg/m2, but < 30 kg/m2)

*Pulmonary fibrosis (having damaged or scarred lung tissues)

*Thalassemia (a type of blood disorder)

*Type 1 diabetes mellitus

*Id.*

Nino establishes that he is at increased risk of a severe case of COVID-19, given his obesity and status as a smoker. Nino may also be at an increased risk of severe complications from COVID-19 because he has asthma (which may or may not be moderate to severe) and possible hypertension, although the severity of those conditions has not been conclusively established.

The court next turns to an examination of factors set forth in § 3553(a), which is part of examining not only whether extraordinary and compelling reasons warrant a sentence reduction, but also of the court's analysis of the third compassionate release factor (whether early release is consistent with Sentencing Commission policy statements). Several factors favor release: 1) Nino has no record of prison discipline, *see* ECF No. 68-13, PageID # 412; 2) Nino made attempts in prison to rehabilitate himself by taking educational programs, *see* ECF No. 68-12, PageID #s 407-08; and 3) Nino's present crimes did not involve violence.

On the other hand, there are several factors suggesting that early release should be denied, including the relatively small fraction of the sentence that he has served. At the time of Nino's sentencing, this court determined that a 92-month sentence appropriately reflected the seriousness of his offenses, promoted respect for the law, and appropriately punished him for

his crimes, which involved significant amounts of drugs and ammunition. Nino received a below-guidelines sentence. Nino had a total offense level of 29 and a criminal history category of IV, giving him a guideline range of 121 to 151 months on the drug charge. He faced a statutory maximum of 120 months on the ammunition charge. ECF No. 31 (Minutes of sentencing proceeding in which the court adopted the Presentence Investigation Report); ECF No. 33 (Statement of Reasons stating that "[t]he court adopts the presentence investigation report without change").

As detailed in the Presentence Investigation Report, Nino had an extensive criminal record with multiple convictions and instances of violence and weapons. For example, he was previously convicted of two drug-related crimes. He was also convicted in 2007 of violating Hawaii's "Place to Keep" laws when ammunition, a shotgun, and a semi-automatic pistol were found in a vehicle in which he was a passenger. In 2008, Nino received a warning after allegedly kicking his ex-girlfriend and pulling on her ponytail with enough force to yank her head backward. In 2010, Nino was convicted of a crime involving punching the window of his girlfriend's car, causing it to shatter and glass to hit her face, as well as later that same day punching her multiple times in the head, choking her, and shoving her as she was trying to retrieve her belongings from what had been their shared residence. *See* ECF No. 29, PageID # 110.

Although not reflected in the Presentence Investigation Report, the Opposition also asserts that police officers documented a report of an alleged assault in which Nino was said to have hit an individual in December 2018 over a personal loan. *See* ECF No. 75, PageID # 574-75. The Opposition also describes a 2018 temporary restraining order issued against Nino that arose out of his alleged attack on an ex-girlfriend. *See id.*, PageID # 575.

Even if this court's consideration of violence is confined to what is in the PSR, this court is concerned about public safety given Nino's multiple convictions and history of violence, especially toward girlfriends. In addition, Nino has been classified as being at medium risk of recidivism. *See* ECF No. 68-12, PageID # 408. Of course, this court hopes that Nino will lead a law-abiding life once released, but his personal history raises worries.

This court is also troubled by Nino's release plan. Nino says he plans to live with his girlfriend on Kauai, Hawaii, and that he has secured employment at a swimwear store there. *See* ECF No. 68-1, PageID # 271. The Government represents that, on June 23, 2020, it obtained and executed a search warrant for a package being mailed to the swimwear store's address that contained 920 grams of methamphetamine. *See* ECF No. 75, PageID

#s 579-80. This raises a red flag, as Nino's present drug conviction involved methamphetamine.

Under § 3582(c)(1)(A), only extraordinary and compelling reasons can justify a reduction in an inmate's sentence. Having balanced the seriousness of Nino's crimes, the significant amount of time remaining on his sentence compared to the time he has served on that sentence, his conduct while incarcerated, his criminal history, including his history of violence, and the totality of the medical information he has submitted, this court determines that the reasons raised by Nino, while important, do not rise to the level of being extraordinary and compelling such that a reduction in his sentence is warranted.

For the same reasons, Nino has not satisfied § 3582(c)(1)(A)'s third requirement: he has not shown that release would be consistent with the Sentencing Commission's policy statements. Like the statute itself, the applicable policy statement indicates that a court may only reduce a term of imprisonment if extraordinary and compelling reasons support the reduction. *See* U.S.S.G. § 1B1.13. Nino has not made such a showing.

**III. CONCLUSION.**

Nino's request for compassionate release under 18 U.S.C. § 3582(c)(1)(A) is denied.

It is so ordered.

DATED: Honolulu, Hawaii, February 1, 2021.




/s/ Susan Oki Mollway
Susan Oki Mollway
United States District Judge

*United States v. Nino*, Cr. No. 19-00020 SOM; ORDER DENYING DEFENDANT'S MOTION FOR COMPASSIONATE RELEASE